IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN POWELL, | § | |
| | § | |
| Claimant-Below, | § | No. 151, 2019 |
| Appellant, | § | |
| | § | Court Below: |
| v. | § | Superior Court |
| | § | of the State of Delaware |
| OTAC, INC., d/b/a HARDEE'S, | § | |
| | § | C.A. No. K18A-06-001 |
| Employer-Below, | § | |
| Appellee. | § | |

Submitted: October 16, 2019
Decided: December 4, 2019

Before **SEITZ**, Chief Justice, **VALIHURA** and **TRAYNOR**, Justices.

Upon appeal from the Superior Court.  AFFIRMED.

Walt F. Schmittinger, Esquire, Candace E. Holmes, Esquire, Schmittinger and Rodriguez, P.A., Dover, Delaware, *for Appellant Steven Powell*.

Andrew M. Lukashunas, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware *for Appellee OTAC, Inc., d/b/a Hardee's*.

**VALIHURA**, Justice:

This is an appeal of a March 5, 2019 decision by the Superior Court affirming a decision by the Delaware Industrial Accident Board (the "IAB") denying claimant-appellant Steven Powell's ("Powell") petition for workers' compensation benefits. In his petition, Powell alleged that he suffered a work injury on December 11, 2016 while employed by OTAC, Inc. d/b/a Hardee's ("Hardees"). The IAB held a hearing regarding Powell's petition on June 5, 2018. The IAB heard testimony by deposition from a doctor on Powell's behalf and from a doctor on Hardees' behalf. It also heard live testimony from a Hardees General Manager and from Powell himself. After the hearing, the IAB denied Powell's petition, ruling that he had failed to establish that he injured his rotator cuff while working at Hardees. The IAB concluded that the testimony and evidence was "insufficient to support a finding that Claimant's injuries were causally related to his work for [Hardees]."[1] Specifically, the IAB noted that both Powell's "inability to report a specific day of injury" as well as his "failure to seek medical treatment immediately" after the alleged incident detracted from his credibility.[2] Further, it found that although "both medical experts agreed that [Powell's] treatment was reasonable for his rotator cuff tear, there was insufficient evidence that the rotator cuff tear occurred as the result of the alleged work accident."[3] The Superior Court affirmed the decision of the IAB.[4]

---

[1] *Powell v. OTAC, Inc.*, No. 1455486, at 12 (Del. I.A.B. June 14, 2018) [*hereinafter* Powell I].

[2] *Id.*

[3] *Id.*

[4] *Powell v. OTAC, Inc.*, 2019 WL 1057857, at *8 (Del. Super. Mar. 5, 2019) [*hereinafter* Powell II].

Powell raises two issues on appeal. First, he asserts that the Board erred as a matter of law in denying his petition, and he claims that he did present sufficient evidence to demonstrate that his injuries occurred while working at Hardees. Second, he asserts that the Superior Court erred in affirming the IAB's decision and that it exceeded the scope of review by making findings of fact unsupported by the record below.

For the reasons set forth below, we AFFIRM the decision of the Superior Court.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

### A. Factual Background

Hardees employed Powell as a back line cook for a time in 2016. His duties included cooking and handling boxes weighing approximately twenty pounds.

On November 4, 2016, Powell fell off of a curb outside his sister's home and landed on his right shoulder. After he fell, Powell sought treatment at the emergency room and had an x-ray. Powell denied receiving any further treatment and reported returning to his regular job duties quickly following that incident.[5]

Powell claims that he subsequently fell again, after slipping on a wet floor, but this time the fall allegedly occurred while he was working at Hardees. Powell stated that he reported the incident immediately to a woman named "Catherine,"[6] and was unable to

---

[5] Powell did testify that the November 4, 2016 fall caused his shoulder sufficient pain that he had to "hold" it. App. to Answering Br. at B34. On reviewing the notes relating to that fall, Dr. Kates testified that Powell was guarding his right shoulder. *Id.* at B111.

[6] *Powell I*, No. 1455486, at 6–7. "Catherine's" name is spelled two different ways in the decisions below (the IAB referenced "Catherine," and the Superior Court referenced "Katherine"). We will use the spelling referenced in the IAB decision.

finish his shift because he was in "too much pain."[7]  Powell never returned to work at Hardees, although he testified that he was told to not return until he was better.  An injury report was not completed at the time of Powell's fall.  Powell also stated that he did not seek emergency treatment following the alleged work accident because he did not believe he needed a work excuse, given that he was told to not return until he was better.[8]

On December 15, 2016, Powell sought treatment from Dr. Richard DuShuttle ("Dr. DuShuttle"), a board certified orthopedic surgeon.  Dr. DuShuttle ordered an MRI, which indicated a complete rotator cuff tear.  Powell told Dr. DuShuttle about his earlier fall on November 4, 2016, when he landed on his right shoulder and was unable to lift his arm as a result.[9]  Powell also told Dr. DuShuttle that he had not received any further treatment related to the November 4, 2016 fall other than his initial visit to the emergency room.  This led Dr. DuShuttle to conclude that Powell would not have sustained the rotator cuff tear had he not fallen at Hardees.  He believed that Powell would not have been able to work following the November 4 fall if that fall resulted in the tearing of his rotator cuff.  Dr. DuShuttle determined that all of Powell's treatment resulted from his alleged December 11 fall at Hardees.  However, Dr. DuShuttle agreed that the November 4, 2016 injury was also sufficient to cause a rotator cuff tear.  Dr. DuShuttle reported that, "an injury as significant as a rotator cuff tear would require immediate medical attention."[10]

---

[7] *Id.* at 7.

[8] *Id.*  Powell indicated that he initially sought treatment after his alleged fall at Hardees, but the provider would not treat him until he obtained an injury report.  *Id.* at 8.

[9] *Id.* at 6.

[10] *Id.* at 14.

Dr. DuShuttle saw Powell again on January 25, 2017, and noted that Powell's rotator cuff injury was consistent with Powell's description of the injury. Dr. DuShuttle agreed that Powell had reported on his Patient Intake Form at his January 25, 2017 visit that his problem began on December 11, 2016, but that Powell had reported at his initial December 15, 2016 visit that the injury "occurred several weeks ago."[11] Dr. DuShuttle agreed that the injury Powell discussed allegedly occurred four days prior to his initial examination of Powell on December 15, 2106. Dr. DuShuttle believed that errors in his own notes resulted in the date discrepancies. He agreed that on the December 15, 2016 Patient Intake Form, Powell had indicated that his pain began on November 12, 2016.

Powell completed an accident report for Hardees in "approximately February after the alleged incident," indicating that the alleged work accident occurred on December 11, 2016.[12] Powell testified that, "we had [a] discussion that I didn't know whether it was November or December" and that he stated that he was not sure, "so we went with December."[13] Tony Branch ("Branch"), the General Manager of Hardees, was not employed by Hardees at the time of Powell's alleged injury; however, he reviewed Powell's First Report of Injury. Branch agreed that the First Report of Injury was completed in February of 2017 and that he wrote what Powell had described as occurring. Branch determined that Powell had fallen at Hardees "at some point," but could not confirm

---

[11] *Id.* at 5.

[12] *Id.* at 6.

[13] App. to Answering Br. at B26.

the date of the incident.[14] That report listed two witnesses, "Catherine" (with no last name identified) and Jason Adam.[15] Branch unsuccessfully attempted to contact Catherine at the time he completed the First Report of Injury. Branch testified that he did speak with Jason Adam and confirmed that Powell did fall at Hardees when Powell was in the employee area behind the counter.[16] Branch also noted the last payroll records for Powell were from the first two weeks of November of 2016. Lastly, Branch testified that the payroll records also indicated that Powell was terminated on November 4, 2016.[17]

Powell underwent surgery on his rotator cuff on March 6, 2017.

Hardees presented the medical testimony of Dr. Jonathan Kates ("Dr. Kates") at the hearing. On June 26, 2017, Dr. Kates, a board certified orthopedic surgeon, examined Powell. During this examination, Powell represented that the injury occurred on December 11, 2016. Dr. Kates also testified that Powell denied any shoulder problems prior to the work incident.[18] However, Dr. Kates confirmed through Powell's records that Powell had

---

[14] *Powell I*, No. 1455486, at 8.

[15] App. to Opening Br. at A48.

[16] *Id.* at A49.

[17] *Id.* at A45.

[18] The record shows that Dr. Kates testified as follows:

> Q. Okay. Now, Doctor, in your report you indicated that the incident of December 11, 2016, if it occurred as stated and there's no additional prior history, then it would be related to the work accident; is that correct?
>
> A. Yes.
>
> Q. Did Mr. Powell represent any prior shoulder problems to you?
>
> A. He told me he did have not [sic] any previous injury to his shoulder.

App. to Answering Br. at B110.

sought immediate medical attention for his right shoulder after he fell from the curb on November 4, 2016.[19] Dr. Kates reported that Powell's fall on November 4, 2016 was sufficient to cause a rotator cuff tear. Dr. Kates agreed that if Powell did not have a prior history of shoulder problems, and the incident occurred on December 11, 2016 as Powell alleged, then Powell's injury would be related to the December 11, 2016 event.

## B. The IAB Decision

On February 2, 2018, Powell filed with the IAB a Petition to Determine Compensation Due. In his Petition, Powell alleged his right shoulder injury was causally related to an incident that occurred at Hardees on December 11, 2016.[20] Hardees disputed that the injury was sustained while Powell was working there. The parties did agree that Powell suffered from a complete rotator cuff tear, for which surgery was reasonable and necessary. The parties' pre-trial stipulation listed the date of injury as "12/11/2016."[21] His hearing was held on June 5, 2018.[22]

The IAB denied Powell's petition, determining that "[t]he testimony and evidence was insufficient to support a finding that Claimant's injuries were causally related to his work for [Hardees]."[23] The IAB based its determination, in significant part, on its

---

[19] *Powell I*, No. 1455486, at 10.

[20] *Id.* at 2. When questioned about the date of injury at the hearing, "Claimant's counsel indicated the alleged date of injury was November 12, 2016 and NOT December 11, 2016." *Id.* at 7 (emphasis in original).

[21] App. to Answering Br. at B126.

[22] *Powell I*, No. 1455486, at 2.

[23] *Id.* at 12.

7

assessment of Powell's credibility. It stated that his "inability to report a specific day of injury (even close in time to the alleged injury), as well as his failure to seek medical treatment immediately detracts from the credibility of his allegations."[24] More specifically, the IAB explained:

> The Board finds it incredible that Claimant would be uncertain if the alleged work related fall occurred four days prior (December 11, 2016) to his initial visit with Dr. DuShuttle or nearly four weeks prior (November 12, 2016). Furthermore, [Powell] admitted that the date of injury on his Petition is also December 11, 2016; but alleges that he did not realize the actual date of injury, which he claimed to be November 12, 2016 by the time of the hearing, until he was involved in a deposition. Moreover, when [Powell] completed an accident report for [Hardees] in early 2017, he reported that the incident occurred on December 11, 2016. Thus, [Powell's] inability to determine the exact date of the alleged work accident detracts from his credibility.[25]

The IAB also concluded that, "[Powell's] lack of treatment following an alleged more significant injury detracts from his case further."[26] In this regard, the IAB found it significant that Powell "sought immediate medical treatment following the fall from the curb (which he alleges did not cause as severe symptoms as the alleged work accident), but did not seek treatment for the alleged work accident for at least four weeks, despite his report that the pain was immediate and so severe he could not complete his shift."[27] The IAB found that there was insufficient evidence to establish that the rotator cuff injury occurred from the alleged fall at Hardees, and concluded that Powell "failed to meet his

---

[24] *Id.*

[25] *Id.* at 12-13.

[26] *Id.* at 13.

[27] *Id.*

8

burden of proving that he sustained a work injury on December 11, 2016 or November 12, 2016."[28]

### C. Powell's Appeal of the IAB Decision to the Superior Court

Powell appealed the IAB's decision to the Superior Court. The Superior Court affirmed, concluding that the IAB's decision was supported by substantial evidence and was free of legal error. The Superior Court found that Powell was employed by Hardees on November 12, 2016, but that Powell had failed to establish a causal connection between his shoulder injury and an incident at Hardees.

Although the Superior Court noted the IAB had erred in interpreting certain evidence impacting Powell's credibility, it found that the error was not the sole basis for the IAB's credibility determination. Specifically, the court said that the IAB was incorrect in finding that Powell could not definitively state his date of injury on his initial visit to Dr. DuShuttle on December 15, 2016, because the paperwork indicates "11-12-2016."[29] Thus, the court found the IAB had incorrectly determined that Powell was confused during his initial visit with Dr. DuShuttle and that Powell's confusion occurred at a later time.[30] Despite its finding that the IAB had erred in this regard, the Superior Court, nevertheless, found that substantial evidence supported the IAB's finding of Powell's lack of credibility, including Powell's failure to seek immediate medical treatment following the alleged

---

[28] *Id.* at 14.

[29] *Powell II*, 2019 WL 1057857, at *6.

[30] *Id.*

9

December 11 incident. The Superior Court also noted the IAB's findings of "additional date of injury discrepancies regarding the Appellant's assertions, as documented by him on the 2017 Hardee's injury report, and his IAB petition."[31] The Superior Court therefore concluded that, "the record and testimony clearly shows substantial evidence supporting the Board's determination regarding the Appellant's credibility with relation to the date of injury discrepancy."[32]

On April 4, 2019, Powell filed a timely notice of appeal to this Court.

## II. STANDARD OF REVIEW

"The review of an Industrial Accident Board's decision is limited to an examination of the record for errors of law and a determination of whether substantial evidence exists to support the Board's findings of fact and conclusions of law."[33] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[34] It is "more than a scintilla but less than a preponderance of the evidence."[35] "On appeal, this Court will not weigh the evidence, determine questions of credibility, or make its own factual findings."[36] "In reviewing an appeal from a decision of the Board, this Court and the Superior Court must both determine whether the Board's decision is

---

[31] *Id.* at *6.

[32] *Id.* at *7.

[33] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016) (citing *Stanley v. Kraft Foods, Inc.*, 2008 WL 2410212, at *2 (Del. Super. Mar. 24, 2008)) (internal quotation marks omitted).

[34] *Id.* (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[35] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).

[36] *Person-Gaines v. Pepco Holdings, Inc.*, 981 A.2d 1159, 1161 (Del. 2009)).

supported by substantial evidence and is free from legal error."[37]  "Weighing the evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively for the Board."[38]  Further, "[o]nly when there is no satisfactory proof to support a factual finding of the Board may the Superior Court or this Court overturn that finding."[39]

## III.   ANALYSIS

In this opinion, we focus on the two principal claims of error Powell asserts on appeal.[40]  First, he claims that the IAB erred in denying his petition because he presented sufficient evidence to demonstrate that his injury occurred while working at Hardees. Powell also contends that the "undisputed scientific evidence" supports his petition, and that his delay in seeking medical treatment does not render his injury noncompensable. Second, he contends that the Superior Court exceeded its scope of review and improperly made findings of fact of its own.  We reject Powell's contentions as explained below.

### A.  Substantial Evidence Exists to Support the Board's Determination that Powell Failed to Present Sufficient Evidence.

The Delaware Workers' Compensation Act provides that employees are entitled to compensation "for personal injury or death by accident arising out of and in the course

---

[37] *Noel-Liszkiewicz*, 68 A.3d at 191.

[38] *Id.*

[39] *Id.*

[40] To the extent Powell has raised other issues, we reject them.

11

of employment."[41]  Powell had the burden of proof as the petitioner.[42]  As such, he had the burden to establish that the alleged injuries occurred within the course and scope of his employment.[43]  Further, "the claimant must demonstrate that a work-accident occurred, establishing one 'with a definite referral to time, place and circumstance.'"[44]  In addition, "the claimant must also show a causal link between the accident that occurred and the injuries he sustained."[45]  All of this must be established by a preponderance of the evidence.[46]

Against this backdrop, we examine Powell's argument that the IAB erred in denying his petition because he presented sufficient evidence to demonstrate that a work accident occurred causing his rotator cuff injury.  He contends that his confusion of dates and failure to seek treatment should not weigh against him.  Whether an injury arose out of and in the course of employment is essentially a question of fact.  Often, as in this case, this factual finding depends in large measure on the Board's assessment of the credibility of the witnesses who testify before it.  It is the exclusive function of the Board to evaluate the credibility of witnesses.[47]  Here, the IAB found Powell's testimony lacking in credibility.

---

[41] 19 *Del. C.* § 2304.

[42] 29 *Del. C.* § 10125(c).  ("The burden of proof shall always be upon the applicant or proponent.").

[43] *Hardy v. Eastern Quality Vending*, 2015 WL 2378903, at *6 (Del. Super. May 12, 2015).

[44] *Id. (citing Johnson v. Chrysler Corp.* 213 A.2d 64, 66 (Del. 1965)).

[45] *Id.*

[46] *Id.*

[47] *Id.*

12

Powell cites *Playtex Products, Inc. v. Leonard*[48] for the proposition that his confusion as to the date of the injury should not preclude him from receiving benefits. He argues before this Court that he "apparently transpos[ed] the accident month and date."[49] In *Playtex*, the claimant experienced an injury while working within the scope of her duties and informed her supervisor of the incident. She called her physician the following day, but could not get an appointment until three or four days later. She was then referred to a neurologist who saw her approximately a month later.[50] After that visit, she was provided with forms, and due to her injury, she had her husband fill them out. The date of incident on the forms differed from the date of incident alleged by the claimant. Despite this discrepancy, the Board found the claimant was credible as to the cause and place of her injury, and that she was simply confused as to the date of her injury. In reaching this conclusion, the Board noted that there was no evidence that the claimant had injured herself in any other manner or location.

However, *Playtex* is distinguishable because the IAB in *Playtex* found the claimant's testimony was credible as to the cause and place of her injury. Here, the IAB found, as a factual matter, that Powell's testimony was not credible. The IAB focused on the fact that Powell could not say exactly when the alleged work accident occurred, noting Powell's statement that he "did not know if it was November or December." The IAB also

---

[48] 2002 WL 31814637 (Del. Super. Nov. 14, 2002), *aff'd*, 823 A.2d 491 (Del. 2003).

[49] Opening Br. at 16; *see id.* at n.4 (arguing that, "[t]he Court can take judicial notice that the two dates Claimant identified as his date of accident, 11/12/2016 and 12/11/2016, are transposed").

[50] *Playtex Prods.*, 2002 WL 31814637, at *6–8.

found that Powell's failure to seek medical attention immediately after the alleged work injury negatively impacted his credibility. Even disregarding the error in the IAB's finding regarding Powell not identifying a date of injury during his December 15, 2016 visit with Dr. DuShuttle, the record contains substantial other evidence to support the IAB's conclusion that Powell was not credible.

Powell also argues that his delay in seeking medical treatment does not render his injury noncompensable. Powell testified during the IAB hearing that he reported to "Catherine" severe symptoms prohibiting him from finishing his shift; however, there is no record of Powell pursuing medical treatment for nearly four weeks after his alleged work incident. In contrast, Powell sought emergency treatment immediately following his fall on November 4, 2016. Additionally, both doctors agreed that the November 4, 2016, fall was sufficient to cause Powell's injuries. But Powell counters that he worked at Hardees after the November 4 fall, and he would not have been able to work had he torn his rotator cuff. Nevertheless, the IAB concluded that if the alleged work injury occurred as Powell testified, Powell would have required treatment immediately, based on Dr. DuShuttle's testimony. It concluded further that although Branch's investigation revealed Powell fell at Hardees "at some point . . . the evidence is insufficient to establish that that fall resulted in any injury, much less a rotator cuff tear."[51]

---

[51] *Powell I*, No. 1455486, at 13.

14

The IAB, in making its decision, may draw reasonable inferences from the testimony,[52] and considerable deference is given to the IAB's decision.[53] The IAB determined that there was insufficient evidence to show that Powell's shoulder injury resulted from the alleged fall at Hardees. Being mindful that "substantial evidence" need not rise to the level of a preponderance of evidence, we conclude that the IAB's findings are sufficiently supported by substantial evidence. The evidence in the record before us is such that a reasonable mind might accept it as adequate to support the IAB's decision. The IAB focused on various inconsistencies in Powell's testimony as to when the fall at Hardees occurred. It focused on Powell seeking treatment and a work note for the November 4 fall, and his portrayal of that fall as minor. It contrasted that evidence with his work fall that allegedly resulted in a torn rotator cuff, which Dr. DuShuttle testified would have rendered that arm disabled. And yet, Powell testified that he did not go to the emergency room, seek a work note, or pursue medical care for a period of weeks thereafter. Based upon the record before us, we conclude that the IAB's findings should not be disturbed on appeal, and that the IAB did not err in determining that Powell failed to meet his burden of proof.

### B. The Superior Court Did Not Commit Reversible Error.

Powell argues that the Superior Court erred by making independent findings of fact that went beyond the scope of the IAB's factual determinations. The alleged independent

---

[52] *Playtex*, 2002 WL 31814637, at *4.

[53] *Christiana Care Health Servs. v. Davis*, 127 A.3d 391, 394 (Del. 2015).

findings are: mischaracterizing Powell's confusion as "deception" by determining that Powell attempted to deceive Dr. Kates by concealing his November 4, 2016 fall; and concluding that Powell completed documents with date alterations by himself without the aid of another who might have been mistaken.[54] Notwithstanding Powell's claim of error, it is clear that the Superior Court was well aware of its scope of review. It stated that it "defers to the Board's expertise and competence," and "does not weigh evidence, determine questions of credibility, or make its own factual determinations," which are functions "reserved exclusively for the [I]AB."[55] Nevertheless, we have examined carefully Powell's contention that the Superior Court did not adhere to this standard.

Powell's contention that the Superior Court's characterization of Powell's conduct as "deceptive" and "concealing" improperly constitutes independent fact-finding is at least colorable. The Superior Court stated, "the Appellant continued this deception at Dr. Kates's office in June 2017, but went even further by attempting to conceal the November 4, 2016 fall."[56] It further stated, "the Appellant also attempted to deceive Dr. Kates

---

[54] Powell has not challenged the Superior Court's independent determination of whether Powell was employed by Hardees on November 12, 2016—perhaps understandably as that determination was obviously favorable to him. *Powell II*, 2019 WL 1057857, at *4–5. Although the Superior Court noted "the Appellant's employment status has been raised indirectly," *id.* at *4 n.60, because "the employee must be employed by the employer when that injury occurs," *id.* at *4, the IAB did not explicitly reach this determination in denying Powell's petition. Because Powell has not raised this point as an issue on appeal, we do not consider it.

[55] *Powell II*, 2019 WL 1057857, at *4.

[56] *Id.* at *7.

16

regarding the prior injury on November 4, 2016 and only admitted the injury when pressed."[57]

However, the court's statements are sufficiently supported by findings of fact made by the IAB. The Superior Court relied upon the IAB's finding that Powell "denied any prior shoulder injuries" during his examination with Dr. Kates.[58] Dr. Kates did not know of Powell's prior fall on November 4, 2016 until he confirmed the injury through Powell's records.[59] In addition, the court cited to the IAB's findings regarding additional documents containing date discrepancies, including the 2017 Hardees injury report, and Powell's IAB Petition.[60] The IAB decision noted these facts.[61] Although the IAB does not characterize Powell's conduct as "deceptive," the Superior Court's description of his actions is consistent with the underlying findings made by the IAB. Notwithstanding the stronger terminology used by the Superior Court, we conclude, based upon our review of the record, that there was substantial evidence to support the IAB's finding that Powell lacked

---

[57] *Id.*

[58] *Powell I*, No. 1455486, at 10.

[59] *Id.* ("Dr. Kates noted that Claimant had denied any prior shoulder injuries at his examination," and "Dr. Kates confirmed that Claimant's records indicated a November 4, 2016 fall from a curb, for which he sought immediate medical attention for a right shoulder injury.").

[60] *Powell II*, 2019 WL 1057857, at *6 n.82.

[61] *See Powell I*, No. 1455486, at 5–6 , 10, 13. The IAB made findings of fact regarding the different dates between intake forms at Dr. DuShuttle's office. *See id.* at 6, 13 (noting the 2017 Hardees injury report date discrepancy); *id.* at 10 (noting Powell's denial of prior injury); *id.* (noting Dr. Kates' confirmation of Powell's history including a prior fall); *id.* at 13 (noting the IAB petition date discrepancy).

credibility. Thus, to the extent the Superior Court's gloss on the facts is deemed an independent finding of fact, it is not reversible error.[62]

Powell also argues that the IAB did not find that Powell completed documents himself without the aid of another, and that the Superior Court improperly determined this on its own. In asserting this claim of error, Powell focuses on the report he completed with Branch in February 2017. As to this point, the IAB found that, "Claimant completed an accident report for Employer in early 2017, [and] he reported that the incident occurred on December 11, 2016."[63] The IAB stated that, "Branch agreed that the First Report of Injury was completed in February of 2017 and he wrote what Claimant described as occurring."[64] At the IAB hearing, Powell testified that he and Branch completed the report together and that Branch did the actual writing.[65] Powell then confirmed what Branch had written.[66] This is consistent with Branch's testimony where Branch stated that he "wrote down a

---

[62] Powell relies on *Johnson v. Chrysler Corp.*, 213 A.2d 64 (Del. 1965), as an example of this Court reversing a trial court's decision after holding that the trial court erred by weighing evidence and making its own factual findings and conclusions in reviewing an IAB decision. *Id.* at 66. There the Superior Court reversed a decision of the IAB after making its own contrary finding of credibility. In reversing the Superior Court, this Court said that, "the sole function of the Superior Court, as is the function of this Court on appeal, is to determine whether or not there was substantial competent evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board." *Id.* However, that was not done in the *Johnson* case. Instead, "the trial judge weighed the evidence, determined the question of credibility of witnesses he had not heard, and reversed the award in the face of evidence which, if accepted, would have supported the award." *Id.* at 67. Here, unlike the situation in *Johnson*, the Superior Court did not reverse a decision of the IAB based upon its own contrary findings of credibility.

[63] *Powell I*, No. 1455486, at 13.

[64] *Id.* at 8.

[65] App. to Opening Br. at A29–A30; *see id.* at A24.

[66] *Id.*

18

rough draft first,"[67] and then they "went over it."[68] Thus, the IAB clearly found that Powell did have assistance in completing this report. The Superior Court stated that, "the Appellant completed the documents, along with the date alteration, himself, without the aid of another *that might have been mistaken*."[69] In addressing this point, the Superior Court appeared to contrast the facts here with those presented in the *Playtex* case. In *Playtex*, the claimant's husband completed short-term disability forms following the claimant's visit to a neurologist who saw her a month after her injury. The claimant's husband mistakenly checked a box on the form that indicated that the injury was not work related.[70] He also mistakenly wrote that her symptoms first appeared six days before the visit, rather than approximately one month prior. Here, the Superior Court pointed out that Powell had identified December 11, 2016 as the date of injury on a number of different documents, including his Petition,[71] and that he never attempted to amend his Petition even though he claimed the correct date of injury to be November 12, 2016. We read the Superior Court's statement that he completed documents himself "without the aid of another *who might have been mistaken*" as an attempt to distinguish the facts here from the claimant's husband in the *Playtex* case where the husband clearly did make a mistake.

---

[67] *Id.* at A44.

[68] *Id.*

[69] *Powell II*, 2019 WL 1057857, at *7 (emphasis added).

[70] *Playtex Prods.*, 2002 WL 31814637, at *1.

[71] *Powell II*, 2019 WL 1057857, at *7 (stating that Powell "subsequently altered the date of injury to December 11, 2016 *four times, and on four separate documents*, including his petition to the Board").

Although it is correct that the IAB found that Powell did not complete the February 2017 report by himself, the court was emphasizing Powell's affirmation of the December 11 date of injury on multiple occasions. We do not believe the Superior Court committed reversible error in this regard because under this Court's standard of review,[72] we conclude, notwithstanding Powell's assertions regarding the Superior Court's analysis, the IAB's decision is supported by substantial evidence.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the decision below.

---

[72] *See, e.g. Johnson*, 213 A.2d at 67 ("Only when there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or this Court for that matter, overturn it.").