Holly NOEL–LISZKIEWICZ, Claimant
Below–Appellant,

v.

LA–Z–BOY, Employer Below–Appellee.

No. 587, 2012.

Supreme Court of Delaware.

Submitted: Dec. 27, 2012.
Decided: Feb. 12, 2013.

Holly Noel–Liszkiewicz, pro se.

Cassandra F. Roberts, Esquire and William E. Gamgort, Esquire, Young, Conaway, Stargatt & Taylor, LLP, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

The appellant, Holly Noel–Liszkiewicz ("Noel–Liszkiewicz"), filed this appeal from a final judgment of the Superior Court, dated October 3, 2012, which affirmed a decision of the Industrial Accident Board (the "Board") denying her claim for worker's compensation benefits. The appellee, La–Z–Boy, has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Noel–Liszkiewicz's opening brief that her appeal is without merit. We agree and affirm.

### Facts

Noel–Liszkiewicz worked as a customer service representative for La–Z–Boy at its New Castle facility from July 2007 until November 2008, when she was laid-off. Almost two years later, in September 2010, Noel–Liszkiewicz filed a petition with the Board, seeking compensation for occupational asthma, pulmonary fibrosis, and respiratory failure, which manifested on or about October 1, 2008, allegedly caused by exposure to chemicals at La–Z–Boy's facility. La–Z–Boy denied that Noel–Liszkiewicz suffered any illness or injury that was causally related to her work at its New Castle facility.

The Board held a hearing on Noel–Liszkiewicz's petition on August 9, 2011. Noel–Liszkiewicz testified that she began working for La–Z–Boy in July 2007 as a customer service representative. The facility where she worked had an office area surrounded by concrete walls that contained cubicles for the customer service employees, as well as a separate but adjacent workshop where furniture repairs, including sanding and shellacking, were done. Noel–Liszkiewicz testified that her work area was dirty and the fumes from the repair shop were always noticeable. She testified that she experienced symptoms such as burning eyes, coughing, fatigue, and headaches throughout the time she worked at La–Z–Boy.[1] She recalled complaining to management about the fumes in the office until exhaust fans were finally installed in the shop area in October 2008.

Noel–Liszkiewicz testified that she initially used over-the-counter medications to address her symptoms, but the symptoms worsened over time. She finally went to her family doctor, Dr. Biasotto, in December 2008 because of persistent coughing and shortness of breath. After she was laid off from La–Z–Boy in November 2008, she took a customer service job with a bank in February 2009. Because of her coughing and breathing problems, she ultimately was forced to stop working in April 2010. She has not worked since.

Dr. Biasotto testified at the hearing that he had been Noel–Liszkiewicz's family doctor for over twenty years. Her health was generally good with the exception that she suffered from chronic hypertension and was overweight. Noel–Liszkiewicz did not visit him at all during the time period that she worked for La–Z–Boy. She went to see Dr. Biasotto in December 2008 and

---

1. Noel–Liszkiewicz also presented two former co-workers as witnesses who confirmed the description of their work area as "dirty" and who also confirmed experiencing similar symptoms.

twice in June 2009. She reported fatigue and swelling in her ankles. Noel–Liszkiewicz did not make any complaints at those visits about coughing, shortness of breath, or respiratory issues. She was diagnosed with mild sleep apnea and reduced oxygenation. She was referred to a pulmonologist, Dr. Siddiqui, for treatment of the apnea.

Dr. Siddiqui subsequently diagnosed Noel–Liszkiewicz with interstitial lung disease secondary to chemical exposure. She was placed on respiratory steroid inhalers and bronchodilators. Noel–Liszkiewicz continued to treat with Dr. Biasotto, who later confirmed Dr. Siddiqui's diagnosis of interstitial lung disease secondary to chemical exposure. Dr. Biasotto testified that Noel–Liszkiewicz's condition continued to deteriorate and that she had to stop working in April 2010 because of her chronic symptoms. Dr. Biasotto opined at the hearing that Noel–Liszkiewicz had pulmonary fibrosis caused by chemicals she had inhaled at La–Z–Boy's facility.

Dr. Eliasson testified at the hearing by deposition. He first saw Noel–Liszkiewicz in June 2010 because of complaints of coughing, shortness of breath, and swollen ankles. Noel–Liszkiewicz presented with abnormal lung function and wheezing. Noel–Liszkiewicz provided a history of exposure to chemicals on the job. A chest x-ray showed fibrosis in both lungs. Dr. Eliasson testified that Noel–Liszkiewicz's prior history of smoking would not explain her current problems. He diagnosed Noel–Liszkiewicz with occupational asthma, pulmonary fibrosis, and respiratory failure, caused by her chemical exposure at La–Z–Boy's facility. Dr. Eliasson also opined that Noel–Liszkiewicz had been totally and permanently disabled from the first time he saw her in June 2010 through the present.

Dr. Guth, a Board certified industrial hygienist, also testified by deposition on Noel–Liszkiewicz's behalf. Dr. Guth testified that no actual measurements of chemicals in the La–Z–Boy work environment were available, so he performed a secondary risk assessment by comparing La–Z–Boy to other workplaces where he had measured similar kinds of chemicals and assessed exposures. He opined there were several chemicals used by La–Z–Boy that, alone, could have caused Noel–Liszkiewicz's symptoms. He stated that a mixture of several offending agents could cause more damage at lower concentrations than exposure to just one. Based on his analysis, Dr. Guth opined that there was a causal relationship between Noel–Liszkiewicz's diagnoses of pulmonary fibrosis and occupational asthma and her exposure to chemicals at La–Z–Boy's facility.

La–Z–Boy presented the testimony of Brent Russo, the manager of its New Castle facility and Noel–Liszkiewicz's former boss. He testified that the New Castle facility served mainly as a warehouse and distribution center for new furniture. A small percentage of new furniture removed from storage required some repair prior to shipping to customers. In 2007 and 2008, there were two or three repair technicians on-site to handle those repairs, which sometimes involved the use of spray chemicals in an area that was about 3000 square feet with 28–foot ceilings. Russo testified that Noel–Liszkiewicz was a reliable employee who did not have an absentee problem.

Mark Christopher, La–Z–Boy's human resources manager, reviewed the history of worker's compensation claims for the previous fifteen years and did not find any claims related to chemical exposure. He recalled talking to Noel–Liszkiewicz about complaints made by another employee re-

garding fumes at the facility. Christopher did not recall Noel–Liszkiewicz ever complaining about conditions in the workplace.

La–Z–Boy also presented the testimony of Dr. Curtis, a medical toxicologist. Dr. Curtis examined Noel–Liszkiewicz and also reviewed her physicians' reports. Dr. Curtis disagreed with Noel–Liszkiewicz's experts' diagnoses after conducting certain tests, which he described as more precise, that contradicted the others' findings. Dr. Curtis also disagreed with Dr. Eliasson's findings regarding the toxic agents used at La–Z–Boy's facility.

Dr. Curtis found the agents that Dr. Eliasson described as harmful to be either present only in amounts incapable of causing harm or to be misunderstood by Dr. Eliasson. Dr. Curtis also testified that Noel–Liszkiewicz's chronological disease progression did not comport with Dr. Eliasson's diagnosis. Dr. Curtis opined that for over two years, diagnostic studies performed on Noel–Liszkiewicz were essentially normal and did not meet the standard for diagnosing occupational asthma or pulmonary fibrosis. He attributed her current abnormal pulmonary function tests to morbid obesity and exposure to tobacco smoke.

### Board's Decision

Following the hearing, the Board issued a thirty-one page opinion denying the petition to determine compensation due. After considering all of the available evidence, the Board concluded that the history and progression of Noel–Liszkiewicz's symptoms were more consistent with Dr.

Curtis' causation opinion than with the opinion of Noel–Liszkiewicz's medical experts. Following the denial of reargument, Noel–Liszkiewicz appealed to the Superior Court. After careful review, the Superior Court concluded that it was the Board's prerogative to resolve credibility questions and to adopt one expert's valuation over that of another expert. The Superior Court affirmed the Board's decision on the ground that it was supported by substantial evidence. This appeal followed.

### Standard of Review

■ In reviewing an appeal from a decision of the Board, this Court and the Superior Court must both determine whether the Board's decision is supported by substantial evidence and is free from legal error.[2] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] It means more than a scintilla but less than a preponderance of the evidence.[4] Weighing the evidence, determining the credibility of witnesses, and resolving any conflicts in the testimony are functions reserved exclusively to the Board.[5] Only when there is no satisfactory proof to support a factual finding of the Board may the Superior Court or this Court overturn that finding.[6]

### Issue on Appeal

On appeal, Noel–Liszkiewicz essentially contends that the Board erred in favoring the testimony of Dr. Curtis over the testimony of her experts. She contends that she proved by a preponderance of the

**2.** *Stoltz Mgmt. Co. v. Consumer Affairs Bd.,* 616 A.2d 1205, 1208 (Del.1992).

**3.** *Streett v. State,* 669 A.2d 9, 11 (Del.1995) (quoting *Olney v. Cooch,* 425 A.2d 610, 614 (Del.1981)).

**4.** *Breeding v. Contractors–One–Inc.,* 549 A.2d 1102, 1104 (Del.1988).

**5.** *Id.* at 1106.

**6.** *Johnson v. Chrysler Corp.,* 213 A.2d 64, 67 (Del.1965).

evidence that her occupational disease was caused by her exposure to chemicals when she worked at La–Z–Boy. Noel–Liszkiewicz asserts that the Board's decision reflects that it held her to a higher standard of proof. Noel–Liszkiewicz also contends that the Superior Court erred in failing to consider and act upon evidence that she submitted on appeal.

### Record Evidence Requires Affirmance

 We find no merit to Noel–Liszkiewicz's claims on appeal. After a careful review of the record, it is clear that the Board applied the legally appropriate standard in determining that Noel–Liszkiewicz had not proven by a preponderance of evidence that her respiratory problems were caused by her work environment. The Board cited to specific relevant reasons for accepting the opinion of Dr. Curtis on the issue of causation over the opinion of the other experts. It was within the Board's authority to conclude that Dr. Curtis was more persuasive based on the substantial evidence in the record. Moreover, we find no error in the Superior Court's refusal to address Noel–Liszkiewicz's additional evidence on appeal because the evidence had not been fairly presented to and considered by the Board in the first instance.[7]

### Conclusion

The judgment of the Superior Court is affirmed.

---

7. *See* Del.Super. Ct. Civ. R. 72(g) (appeals from administrative tribunals are to be decided on the basis of the record of the proceedings before the tribunal).