**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

RUSSELL VAUGHAN, )
)
          Appellant, )     C.A. No. N13A-10-012 RRC
    v. )
)
FIRESTONE HOTEL GROUP, INC, )
)
          Appellee. )

Submitted: April 21, 2014
Decided: July 18, 2014

On Appeal from a Decision of the Industrial Accident Board.
**AFFIRMED.**

**ORDER**

Tara E. Bustard, Esquire, Doroshow, Pasquale, Krawitz & Bhaya*,*
Wilmington, Delaware, Attorney for Appellant.

Amy M. Taylor, Esquire, Heckler & Frabizzio, Wilmington, Delaware,
Attorney for Appellee

COOCH, R.J.

    This 18th day of July 2014, upon consideration of Appellant's Appeal
from the Industrial Accident Board ("the Board"), it appears to the Court
that:

1. Appellant Russell Vaughan ("Appellant") was employed by
   Firestone Hotel ("Appellee") and injured his lower back while lifting
   a heavy box at work on February 14, 2012.[1] He sustained a limited

---

[1] Appellant's Opening Br. at 4.

lumbar strain and continued to work despite the injury until he was laid off on March 19, 2012.[2]

2. Appellant worked for Appellee for thirty-four years prior to his termination.[3] Appellant experienced back pain prior to the injury but described it as the type a person would experience after working on his or her feet all day.[4] The pain after sustaining the injury was much more severe. Appellant described it as "pain that I could not bear. I could not. . . sit, could barely walk."[5]

3. Appellant saw Dr. Arnold Glassman about five or six weeks after the injury and had a MRI of his back completed in May.[6] In October, Appellant experienced increased pain and Dr. Glassman ordered another MRI, which was performed on November 29, 2012.[7] Dr. Stephen Rodgers, who testified for Appellant, examined him on March 5, 2013.[8] Dr. Rodgers reviewed Dr. Glassman's files and MRI results and found that in November Appellant had new left far annular tears and disc herniation that was, in his opinion, most likely a result of his prior disc pathology and causally related to the February 12 injury.[9]

4. Dr. Evan Crain, who testified on behalf of Appellee, examined Appellant on two occasions: June 20, 2012 and one year later on June 12, 2013.[10] Dr. Crain reviewed Appellant's medical records and found a history of back pain.[11] Dr. Crain testified that at the time of the first examination Appellant suffered a lumbar sprain but that he had completely recovered from that injury.[12] In his opinion, the May MRI showed evidence of a long-standing degenerative condition that is consistent with ten years of back pain.[13] During the second examination, Dr. Crain determined that the November MRI did show

---

[2] Appellee's Ans. Br. at 4.
[3] Appellant's Opening Br. at 4.
[4] *Id.*
[5] *Id.*
[6] Ex. A to Appellee's Opening Br. at 3.
[7] Appellant's Opening Br. at 4-5.
[8] *Id.*
[9] *Id.*
[10] Appellee's Ans. Br. at 5.
[11] *Id.* at 6.
[12] *Id.*
[13] *Id.*

a subsequent new injury, but it was a result of his pre-existing condition and confirmed the Appellant fully recovered from his February 2012 injury.[14] Dr. Crain also determined that Appellant did not have a permanent injury as a result of the February 2012 incident.[15]

5. The Board denied Appellant's Petition to Determine Additional Compensation Due.[16] It found Dr. Crain's opinion more persuasive than Dr. Rodgers and that Appellant did not meet the burden of showing causation between the work incident and his current lumbar spine condition.[17] Ultimately, Dr. Crain convinced the Board that Appellant "returned to his baseline" condition before the June 2012 exam and therefore the ongoing injuries are unrelated to the original work accident.[18]

6. The Delaware Supreme Court and this Court have repeatedly emphasized the limited appellate review of an administrative agency's factual findings.[19] The Court's role is limited to determining whether the Board made an error of law and whether substantial evidence supported the Board's findings.[20] If substantial evidence supports the administrative decision, it must be affirmed unless there is an abuse of discretion or clear error of law.[21] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[22] Additionally, when the Board accepts the testimony of one expert over that of another, that expert's opinion constitutes substantial evidence for the purpose of an appeal.[23] The appellate court does not weigh evidence, resolve credibility questions, or make its own factual findings.[24] Only when there is no satisfactory factual evidence to support the Board's finding will the Superior Court

[14] *Id.* at 7.
[15] *Id.*
[16] Ex. A to Appellee's Ans. Br. at 16.
[17] *Id.* at 15.
[18] *Id.* at 15-16.
[19] *Elswick v. B.F. Rich Co.*, 1998 Del. Super. LEXIS 512, at *6 (Del. Super. Oct. 23, 1998).
[20] *Munyan v. Daimler Chrysler Corp.,* 909 A.2d 133, 136 (Del. 2006).
[21] *Id.*
[22] *Oceanport Ind. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (internal quotation marks omitted).
[23] *Cottman v. Burris Fence Constr.*, 2006 Del. Super. LEXIS 299, at *8 (Del. Super. Dec. 19, 2006).
[24] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

overturn the Board's decision.[25] The Court merely determines if the evidence is legally adequate to support the Board's factual findings.[26] When considering the facts, the Court defers to the Board's expertise and competence.[27] The Court is bound by the Board's decision even if it would have reached a contrary conclusion based on the same facts.[28] The Court will review the record in the light most favorable to the prevailing party below when considering substantial evidence.[29]

7. Appellant contends that (1) the Board should have implemented the "direct and natural consequences" test to determine causation and (2) the determination that Appellant's ongoing injury is not causally related to his work injury was not supported by substantial evidence in the record.[30] Appellee argues that the Court should affirm the Board's decision because (1) Appellant recovered from his original work injury; therefore, it used the correct legal standard and (2) the Board's decision was supported by substantial and competent evidence.[31]

8. The "direct and natural consequences" test was not appropriate for the Board to have applied in this case because the Appellant returned to his "baseline" status. The "direct and natural consequences" test is used to determine whether a subsequent injury is causally related to the original compensable injury. In this instance, the Board found that Appellant recovered from his original injury. Therefore, the continuing back pain could not have been causally related to the original injury of February 14. The Board found Dr. Crain's testimony was more persuasive than Dr. Rodgers' testimony, which is in its power of discretion. Dr. Crain, and subsequently the Board, concluded that Appellant's pain resulted from a degenerative condition, despite his perfect work record and the absence of medical treatment. There is substantial evidence in addition to Dr. Crain's testimony, such as chiropractor medical records and MRI results, to

---

[25] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).
[26] 29 *Del. C.* § 10142(d).
[27] *Histed v. E.I. DuPont de Nemours & Co.,* 621 A.2d 340, 342 (Del. 1993). *See also* 29 *Del. C.* § 10142(d).
[28] *Kreshtool v. Delmarva Power & Light Co.*, 310 A.2d 649, 652 (Del. Super. 1973).
[29] *Thomas v. Christiana Excavating Co.*, 1994 WL 750325, at *4 (Del. Super. Nov. 15, 1994).
[30] Appellant's Opening Br. at 2-3.
[31] Appellee's Ans. Br. at 2.

4

show that the Appellant suffers from such a condition. It is true that Dr. Crain did not use the MRI films; however, he did examine the Appellant on two occasions. Therefore, the Board's decision is supported by substantial evidence and this Court will defer to its expertise.

9. This Court finds that the Board used the appropriate analysis and that its decision was supported by substantial evidence; further, the Board did not commit any legal error. Therefore, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:     Prothonotary
        Industrial Accident Board