# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MID-SUSSEX RESCUE SQUAD, | ) | C.A. No.: S23A-06-002 RHR |
|  | ) |  |
|     Employer-Below/ | ) |  |
|     Appellant. | ) | CITATION ON APPEAL |
|  | ) | FROM THE DECISION OF |
|  | ) | THE INDUSTRIAL |
|     v. | ) | ACCIDENT BOARD OF THE |
|  | ) | STATE OF DELAWARE |
| DAVID HEARNE, | ) |  |
|  | ) |  |
|     Claimant-Below/ | ) | HEARING NO.:1532083 |
|     Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

## MEMORANDUM OPINION AND ORDER

Submitted:  November 16, 2023
Decided: February 15, 2024

*Upon Consideration of an Appeal of the Decision of the Industrial Accident Board,*
**AFFIRMED.**

Kimberly A. Harrison, Esquire, Tybout, Redfearn & Pell, 501 Carr Road, Suite 300, Wilmington, Delaware 19809.

Ross C. Karsnitz, Esquire, Morris James, LLP, 107 West Market Street, P.O Box 690, Georgetown, Delaware 19947.

**ROBINSON, J.**

Before the court is an appeal challenging the average weekly wage calculation performed by the Industrial Accident Board ("IAB"). The only issue in dispute is whether the IAB correctly excluded sick and vacation time from the average weekly wage and used a reduced divisor to reflect the exclusion. For the following reasons, the IAB's decision is **AFFIRMED.**

## BACKGROUND

David Hearne ("Claimant") was a paramedic employed by Mid-Sussex Rescue Squad ("Employer"). The job responsibilities of a paramedic do not allow for a 9:00 to 5:00, Monday through Friday schedule. Claimant often worked 24-hour shifts twice a week. In addition to sick and vacation leave, he received other benefits that reflected the erratic schedules paramedics have. For example, for holidays he would be paid even if he did not work, and time-and-a-half when he did. On December 18, 2022, while on a medical call, Claimant suffered work-related injuries to his cervical spine, thoracic spine, and lumbar spine. The IAB conducted a hearing on May 31, 2023, and awarded Claimant average weekly compensation of $595.07. Employer filed a Notice of Appeal on June 20, 2023, challenging the method by which the IAB calculated Claimant's average weekly wage ("AWW").

## STANDARD OF REVIEW

This court has jurisdiction over appeals from administrative agencies including the IAB under 29 *Del. C.* § 10142(a). "The review of an Industrial Accident Board's decision is limited to an examination of the record for errors of law and a determination of whether substantial evidence exists to support the Board's findings of fact and conclusions of law."[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] "On appeal, this Court will not weigh the evidence, determine questions of credibility, or make its own factual findings."[3] Our courts give great deference to those decisions made by administrative agencies, "[o]nly when there is no satisfactory proof to support a factual finding of the Board may the Superior Court or [the Supreme Court] overturn that finding."[4]

## DISCUSSION

When an employee is injured during the course and scope of his employment, he is entitled to be financially compensated in the form of a reduced AWW.[5] This

---

[1] *Washington v. Delaware Transit Corp.*, 226 A.3d 202, 210 (Del. 2020).

[2] *Id.* ("Substantial evidence is "more than a scintilla but less than a preponderance…").

[3] *Id.*

[4] *Noel-Liszkiewicz v. La-z-Boy*, 68 A.3d 188, 191 (Del. 2013).

[5] 19 *Del. C.* § 2324 ("For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66 2/3 % of the wages of the injured employee . . .").

3

wage is calculated by the IAB following the guidelines found in 19 *Del. C.* § 2302

("Section 2302"). The applicable sections read as follows:

> (a) "Average weekly wage" means the weekly wage earned by the employee at the time of the employee's injury at the job in which the employee was injured, including overtime pay, gratuities and regularly paid bonuses (other than an employer's gratuity or holiday bonuses) but excluding all fringe or other in-kind employment benefits. The term "average weekly wage" shall include the reasonable value of board, rent, housing or lodging received from the employer, which shall be fixed and determined from the facts in each particular case.
>
> (b) The average weekly wage shall be determined by computing the total wages paid to the employee during the 26 weeks immediately preceding the date of injury and dividing by 26, provided that:
>
> > (1) If the employee worked less than 26 weeks, but at least 13 weeks, in the employment in which the employee was injured, the average weekly wage shall be based upon the total wage earned by the employee in the employment in which the employee was injured, divided by the total number of weeks actually worked in that employment;

The intent of the General Assembly in passing 19 *Del. C.* § 2302 was to compensate injured employees for their lost earning capacity, rather than their lost income.[6] For this reason, when a claimant does not work all 26 weeks prior to an injury, the divisor can be reduced to reflect actual weeks worked.[7] The General Assembly also chose to exclude benefits from the calculation.[8]

---

[6] *Taylor v. Diamond State Port Corp.*, 14 A.3d 536, 537 (Del. 2011).

[7] *Id.* at 540.

[8] *Crouse v. Hy-Point Dairy Farms, Inc.*, 2015 WL 4485559, at *6 (Del. Super. Ct. July 22, 2015).

In this case, the IAB granted Claimant an AWW payment of $595.07, calculated as follows:

> Claimant worked for twenty-six (26) weeks prior to his injury. He was totally out of work (and thus NOT performing actual work) for a total of 3.6 weeks (24 hours sick leave + 12 hours holiday not worked + 108 hours vacation = 144 hours or 3.6 weeks). His proper gross amount of wages is $19,984.61, as the vacation, sick, and unworked holiday leave paid should not be added to his gross wages because it would artificially inflate his wages for those weeks.[9]

The IAB reduced the 26-week period by 3.6 weeks, which created the 22.4-week divisor.

Employer claims the IAB erred when it calculated Claimant's AWW by using 22.4 as a divisor instead of 26. Employer argues that 26 is the correct divisor because Claimant worked all 26 weeks prior to his injury. Here, Claimant worked fewer hours and took vacation time during the weeks preceding the injury but was never out an entire week.

Claimant acknowledges that holiday, sick, and vacation time should be excluded from wages for purposes of the AWW calculation, but only when the divisor is also reduced to account for the exclusion of those benefits. Claimant argues that the IAB properly relied on the Delaware Supreme Court's reasoning in *Taylor v. Diamond State Port Corp.*[10] in finding that the proper divisor was 22.4 weeks, not

---

[9] D. I. 10, tab 14, p. 14-15.
[10] 14 A.3d 536 (Del. 2011).

5

26 weeks. Claimant also invites this court to overrule prior cases that held that vacation, holiday, and sick pay are fringe benefits under 19 *Del. C.* § 2302 ("Section 2302"). He argues that not only would such an interpretation harmonize Section 2302 and legislative intent, but it would also allow adjusters and injured workers to calculate payments more easily.

The parties raised these arguments to the IAB. The IAB in this case interpreted Section 2302 and *Taylor* to base the AWW on the time that the injured worker "actually worked."[11] Because Claimant used vacation, holiday, and sick leave time totaling 3.6 weeks over the 26-week period, the IAB determined that Claimant "actually worked" 22.4 weeks (26 weeks minus 3.6 weeks), making 22.4 the appropriate divisor.

The disagreement between the parties arises because Section 2302 does not—and probably cannot—provide clear guidance on calculating AWW for all possible employment scenarios. Modern employment arrangements are often complex, and the language of Section 2302 must be interpreted flexibly. The AWW for a salaried worker or an hourly worker who works full-time for 26 weeks prior to an injury is easily calculated. Those calculations, however, get much more complicated in atypical employment arrangements such as Claimant's. The IAB must be given great

---

[11] *Taylor*, at 542 ("'worked' in subsection (b)(1) means the time that the employee 'performed work' or 'actually worked.'").

deference to interpret Section 2302 and relevant case law considering each employee's unique compensation arrangement. "In general, the construction given to a statute by the state agency charged with the statute's enforcement is accorded great judicial deference, so long as the construction is reasonable and does not contradict the plain language of the statute."[12]

In the present case, the IAB thoughtfully considered the Supreme Court's decision in *Taylor* and reasonably concluded that the phrase "actually worked" in Section 2302 means work "actually performed."[13] When Claimant took time off and made himself unavailable for work—whether it was sick, holiday, or vacation time—that time should not be included in calculating the AWW. The IAB's interpretation of Section 2302 and *Taylor* also results in a more consistent result for workers. For example, if a worker happened to take vacation or sick time in the weeks prior to an injury, he would see a reduction in benefits if the IAB did not account for that time in calculating the AWW. In addition, only looking at whether an employee worked even a partial week of the 26-week period would seem to benefit salaried workers over hourly workers because the salaried worker takes home the same pay whether that worker actually worked all of those days for which he is paid.

---

[12] *Wilson v. Gingerich Concrete & Masonry*, 285 A.2d 445, at 455 (Del. 2022) (internal citations omitted).

[13] D. I. 10, tab 14, p. 14.

7

## CONCLUSION

The IAB correctly interpreted Section 2302 and *Taylor* when it subtracted holiday, sick, and vacation pay from the total amount earned during the 26-week period and also reduced the divisor to reflect the work actually performed. With the deference due to the IAB to interpret Section 2302, there is no need for this court to endorse Claimant's alternative method of calculating AWW.

The decision of the IAB is **AFFIRMED.**

**IT IS SO ORDERED.**