# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DONICHA MCCANN-CROSS,     :

                            :     C.A. No.: K24A-10-001 JJC

         Appellant,     :

                            :

        v.                 :

                            :

DEPARTMENT OF HEALTH AND     :
SOCIAL SERVICES AUDIT AND     :
RECOVERY MANAGEMENT     :
SERVICES,     :

                            :

         Appellee.     :

Submitted: February 24, 2025
Decided:     April 22, 2025

## <u>ORDER</u>

On this 22nd day of April 2025, having considered Appellant Donicha McCann-Cross' appeal of the decision of the Department of Health and Social Services ("DHSS"), the parties' briefing, and the record, it appears that:

1. DHSS is the State agency charged with overseeing the distribution of federally subsidized Supplemental Nutrition Assistance Program ("SNAP") benefits prescribed by federal statute and regulation. Ms. McCann-Cross appeals a DHSS order that she repay $2,341 of those benefits because she did not report her increased income to DHSS, which in turn, made her ineligible to receive them.[1] DHSS' Audit and Recovery Management Service ("ARMS") had performed an audit examining her payments. It concluded that she incorrectly received benefits from August 2022

---

[1] *In re Donicha McCann-Cross*, No. 4009717840 (Del. D.H.S.S. Sep. 3, 2024) [hereafter "Board Order at . . ."].

through October 2022 (hereinafter "the SNAP benefits") because her income exceeded 130% of the Federal Poverty Limit.[2] ARMS notified her that she had been overpaid and demanded that she reimburse DHSS.[3]

2. Ms. McCann-Cross contested her obligation to reimburse DHSS and requested a Fair Hearing.[4] DHSS then appointed an administrative hearing officer (the "Hearing Officer") to oversee the proceedings. Ms. McCann-Cross appeared *pro se* and an ARMS investigator, a non-attorney, appeared for ARMS.

3. ARMS submitted several exhibits in support of its claim at the hearing.[5] They included a "Notice to Approve Your Food Benefits" which reflected Ms. McCann-Cross' SNAP eligibility as of May 5, 2022, and several other exhibits offered to support the overpayment and its amount.[6] The ARMS investigator testified that Ms. McCann-Cross began work at Apis Services, Inc. on May 23, 2022.[7] As a result, Ms. McCann-Cross' household income exceeded the Federal Poverty Level by June 2022.[8] The investigator testified further that Ms. McCann-Cross failed to submit paystubs to demonstrate her income change as required by SNAP regulations.[9] That, according to ARMS, violated State and Federal

---

[2] Certified R., Fair Hearing Tr. at 14:9–23, 18:16 [hereinafter, because the certified record was not paginated in its entirety, the Court will cite to each subpart—the Fair Hearing Packet, Exhibits, and Transcript—as "FHP at . . .", "Ex. #, at . . .", or "Tr. at . . ."].

[3] ARMS' "Notice of Food Benefit Overpayment" informed Ms. McCann-Cross that she received $2,341.00 more in Food Benefits than she should have, for the period from August 1, 2022, through October 31, 2022. Ex. 3, at 004.

[4] Pursuant to 7 C.F.R. § 273.15(a), "each State agency[, Delaware's DHSS in this instance,] shall provide a fair hearing to any household aggrieved by any action of the State agency which affects the participation of the household in the Program."

[5] ARMS' exhibits included, *inter alia*, several notices to Ms. McCann-Cross concerning her Food Benefits, a Food Benefits calculator and monthly overpayment calculation sheets for each month of the overpayments, Delaware Department of Labor wages and pay data reports, and several emails from Ms. McCann-Cross. *See generally* Ex. 3–10.

[6] Ex. 9, at 016.

[7] Tr. at 14:11.

[8] Tr. at 14:13.

[9] Tr. at 20:5, 35:15–36:9.

regulations.[10]  As becomes important in the analysis to follow, ARMS did not allege that Ms. McCann-Cross fraudulently or intentionally hid her income from DHSS.

4.     Ms. McCann-Cross contended at the hearing that she had reported her income to DHSS telephonically "because [she] knew that [she] would have passed the poverty line."[11]  She provided the Hearing Officer with an email she sent to the ARMS investigator.  In the email, she inquired whether DHSS' phone log confirmed that she had orally reported her new income.[12]  She took no issue with ARMS' contention that she had been overpaid in the amount alleged.  Rather, her sole defense was that DHSS' system error, clerical error, or poor documentation caused the overpayments.[13]

5.     The Hearing Officer then issued his written order.[14]  In it, he explained that ARMS presented "sufficient evidence to establish a claim against [Ms. McCann-Cross] for the overpayment calculated for August, September, and October [2022, which] is required to be paid back pursuant to 7 C.F.R. § 273.18(b)."[15]  Presently, Ms. McCann-Cross appeals the Hearing Officer's decision to the Superior Court pursuant to 31 *Del. C.* § 520.[16]

6.     In her appeal, she contends the following: (1) the ARMS investigator engaged in the unauthorized practice of law when she presented ARMS' position at

---

[10] DHSS regulations provide that "[h]ouseholds are required to report income changes only when the monthly income exceeds 130 percent of the poverty income guideline for the household size that existed at the time of certification or recertification."  16 *Del. Admin. C.* § 5100–9085; *see also* 7 C.F.R. § 273.12(a)(5)(v) (addressing reporting requirements when gross household income exceeds 130 percent of poverty).

[11] Tr. at 22:16.

[12] Ex. 11, at 023.

[13] Tr. at 32:14.

[14] Board Order.

[15] *Id*. at 5, 7.

[16] *See* 31 *Del. C.* § 520 (providing that "[a]ny applicant for or recipient of public assistance benefits . . . against whom an administrative hearing decision has been decided may appeal such decision to the Superior Court if the decision would result in financial harm to the appellant.)".

the administrative hearing, thus violating her constitutional and civil rights; and (2) the Hearing Officer erred when he found her responsible to repay the SNAP benefits because DHSS made the mistake, not her. In response, ARMS contends that the investigator permissibly presented the agency's case to the Hearing Officer. On appeal, ARMS also emphasizes what it contends to be substantial evidence in the record to support the Hearing Officer's findings.

7. In an appellate review of a DHSS case decision, the Court must "decide all relevant questions and all other matters involved, and sustain any factual findings of the administrative hearing decision that are supported by substantial evidence on the record as a whole."[17] Accordingly, the Hearing Officer's decision must be affirmed if supported by substantial evidence and free from legal error.[18] Substantial evidence means evidence that a reasonable mind would accept as adequate to support the challenged conclusion.[19] Stated more precisely, substantial evidence is quantified as more than a mere scintilla but less than a preponderance.[20] On appeal, the Court cannot make its own factual findings, assess witness credibility, or weigh the evidence.[21] Instead, it "[s]earch[es] the entire record to determine whether, on the basis of all the testimony and exhibits before the [decision maker], it could fairly and reasonably reach the conclusion that it did."[22] In that way, the Court focuses on

[17] 31 *Del. C.* § 520; *Young-Rogers v. Delaware Dep't of Health & Soc. Servs. Audit & Recovery*, 2024 WL 1578003, at *4 (Del. Super. Apr. 11, 2024).

[18] *Oldham v. Delaware Health & Soc. Servs.*, 2018 WL 776580, at *4 (Del. Super. Jan. 30, 2018), *aff'd sub nom. Prunckun v. Delaware Dep't of Health & Soc. Servs.*, 201 A.3d 525 (Del. 2019).

[19] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[20] *Noel-Liszkiewicz v. La-Z-Boy*, 68 A.3d 188, 191 (Del. 2013).

[21] *Ringgold v. Delaware Dep't of Health & Soc. Servs.*, 2018 WL 7021956, at *1 (Del. Super. Dec. 21, 2018).

[22] *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674–75 (Del. Super. 1980).

whether the agency abused its discretion.[23]  Finally, apart from challenges to DHSS' factual findings, questions of law are reviewed *de novo*.[24]

8.     Ms. McCann-Cross' first contention on appeal—that the ARMS investigator engaged in the unauthorized practice of law by representing DHSS during the Fair Hearing—alleges an error of law.  As explained below, the Hearing Officer did not commit legal error when doing so for two reasons.

9.     First, Ms. McCann-Cross lacks standing to challenge DHSS' choice of representation under these circumstances.[25]  Here, she identifies no injury that she suffered because an ARMS investigator, as opposed to an attorney, presented evidence on behalf of DHSS.  Nor is any prejudice or unfairness in the process apparent on the record.  Germanely, Fair Hearings are held in accordance with the principles of due process, and guarantee an appellant: "(1) [t]imely and adequate notice (2) [t]he right to confront and cross-examine adverse witnesses; (3) [t]he opportunity to be heard orally; (4) [t]he right to an impartial decision maker; [and] (5) [t]he opportunity to obtain counsel, represent him or herself, or use any other person of his or her choice."[26]  Ms. McCann-Cross identifies nothing in the record to support that DHSS deprived her of any of these due process guarantees.  Moreover, she did not raise this issue at the hearing.  Arguments not presented to the agency below are generally waived and are inappropriate to consider on appeal — that is because an appeal of an administrative agency decision is "on the record."[27]

---

[23] *Ringgold*, 2018 WL 7021956, at *1.

[24] *Young-Rogers*, 2024 WL 1578003, at *4.

[25] Absent a showing of actual prejudice, an opposing litigant generally lacks standing to challenge an opposing party's choice of representation.  *See generally Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990) (recognizing that an opposing party may only challenge the opposing party's choice of representation if he or she can show by clear and convincing evidence that (1) the representation was inappropriate *and* (2) it affected the fair and efficient administration of justice).

[26] 16 *Del. Admin. C.* § 5100–5000.

[27] *See* 31 *Del. C.* § 520 (recognizing that this appeal is "on the record.").

10.     Second, employees of agencies or artificial entities can represent those agencies or artificial entities in administrative hearings if authorized to do so by the agency that controls the proceedings. Ms. McCann-Cross focuses on Delaware Supreme Court Rule 57 in her appeal. That Rule implicitly recognizes that artificial entities must be represented by attorneys in all Delaware *courts* except the Justice of the Peace Court.[28] Administrative hearings are not case events in a Delaware court, however. A long line of Delaware case authority recognizes that an agency employee who is not an attorney can represent the agency in an administrative hearing if authorized to do so by statute or rule.[29]

11.     Here, Federal regulations authorize a non-attorney representative to present evidence and argument on behalf of DHSS at a Fair Hearing. Specifically, 7 C.F.R. § 273.15 provides that "[t]he hearing shall be attended by a representative

---

[28] Pursuant to Delaware Supreme Court Civil Rule 57, "[c]ivil actions before Justice of the Peace Courts may be prosecuted and/or defended by an officer or employee of an artificial entity or public body, who need not be an attorney duly licensed to practice law in this State, but who has been authorized by the artificial entity or public body to represent it in a Justice of the Peace Court civil action[.]"

[29] *See Kline v. Super Fresh Food Markets Inc.*, 2010 WL 703261, at *2 (Del. Super. Feb. 4, 2010) (recognizing broadly that "though corporations must be represented by an attorney in court proceedings, a non-attorney employee may represent the employer at an administrative hearing"); *Caldwell Staffing Servs. v. Ramrattan*, 2003 WL 194734, at *3–4 (Del. Super. Jan. 29, 2003) (recognizing that where explicitly permitted by rule, regulation, or otherwise, "a non-attorney employee of an employer may represent the employer before the Board"); *Brainard v. Chrysler Corp.*, 1995 WL 339032, at *2 (Del. Super. Feb. 14, 1995) (holding that it was not error to allow an employer to be represented by a non-lawyer employee at the administrative level); *but see Marshall-Steele v. Nanticoke Mem'l Hosp., Inc.*, 1999 WL 458724, at *6 (Del. Super. June 18, 1999) (holding that a *non-attorney non-employee* retained by an employer for an administrative board hearing could not represent that employer because to do so would constitute the unauthorized practice of law). Ultimately, the Delaware Supreme Court has exclusive authority over this issue. The only Delaware Supreme Court authority on the issue, however, to the Court's knowledge, is *In re Arons*, 756 A.2d 867 (Del. 2000). There, the Supreme Court rejected the right for lay advocate representation for a student advancing a due process hearing under the federal Individuals with Disabilities Education Act ("IDEA"). When doing so, however, its reasoning turned on the lack of any authorization under IDEA for a lay person to do so. *Id.* at 874.

of the State agency and by the household and/or its representative."[30] To that end, Section 273.15 does not require the State agency or the household participating in a Fair Hearing to be represented by an attorney. In fact, 7 C.F.R. § 273.15(f) takes an even broader view of who can represent a household during a Fair Hearing. That section permits a household's case to "be presented by a household member or a representative, such as legal counsel, a relative, a friend or other spokesperson."[31] The recognition in federal regulation that a relative, friend, or spokesperson can represent a household reinforces the concomitant ability of an ARMS employee to present ARMS' case. As a final note, multiple Superior Court decisions have accepted such practice when reviewing Fair Hearing decisions.[32] Accordingly, the ARMS investigator permissibly presented ARMS' case to the Hearing Officer.

12. Ms. McCann-Cross' second argument—that DHSS cannot recover the money because DHSS' error caused it—is also answered by Federal regulation, this time 7 C.F.R. § 273.18 ("Section 273.18"). Under Section 273.18, a responsible State agency, such as DHSS, *must* collect any overpayment.[33] In turn, each adult member of the household that received the overpayment is responsible to reimburse the wrongfully paid amount.[34]

---

[30] 7 C.F.R. § 273.15(o); *see also* 16 *Del. Admin. C.* § 5100-5403 (providing that "[p]rior to the hearing, the appellant and his or her representative will have adequate opportunity to examine all documents and records to be used by the State agency *or its agent* at the hearing") (emphasis added).

[31] 7 C.F.R. § 273.15(f).

[32] *See e.g. Young-Rogers*, 2024 WL 1578003, at *3 (reciting that an ARMS investigator administratively prosecuted the matter); *Potts-Lolley v. Magarik*, 2024 WL 2291887, at *1 (Del. Super. May 21, 2024) (reciting that an ARMS investigator acted in a representative capacity on behalf of DHSS by introducing evidence during the administrative hearing); *Ringgold*, 2018 WL 7021956, at *1 (again recognizing that an ARMS investigator introduced evidence on behalf of DHSS during an administrative hearing).

[33] 7 C.F.R. § 273.18(a)(1)–(2).

[34] *Id*. § 273.18(a)(4).

13.    The regulations further require DHSS to initiate one of three types of claims against households to recoup an overpayment: claims based upon (1) Intentional Program Violations ("IPVs"), (2) Inadvertent Household Errors ("IHEs"), or (3) Agency Errors ("AEs").[35]  DHSS has never contended that Ms. McCann-Cross committed an IPV.  Accordingly, the second and third types of claims, IHEs and AEs, are the only two that are relevant to her appeal.  An IHE claim against a beneficiary is defined as "any claim for an overpayment resulting from a misunderstanding or unintended error on the part *of the household*."[36]  Separately, an AE claim against a beneficiary is "any claim for an overpayment caused by an action or failure to take action by *the State agency*."[37]

14.    In this case, whether Ms. McCann-Cross committed an IHE or DHSS committed an AE made no difference.[38]  Ms. McCann-Cross concedes the overpayment and the amount.  As discussed above, federal law requires ARMS to seek recovery of overpaid SNAP benefits on behalf of DHSS for both IHEs and AEs.  Granted, if DHSS had found she intentionally circumvented her reporting requirements—through an IPV—there would have been independent, collateral consequences.[39]  But, DHSS alleged no fraud or ill intent on her part and the Hearing Officer found none.  As the Hearing Officer correctly explained to her at the hearing, "the federal regulations require *all* overpayments to be repaid . . . no matter who's responsible for the overpayment."[40]

---

[35] *Id*. § 273. 18(b)(1)–(3); *see also* 16 *Del. Admin. C.* § 5100-9095 (providing Delaware analogue for the types of claims against households originally set forth in 7 C.F.R. § 273.18(b)).

[36] *Id*. § 273.18(b)(2) (emphasis added).

[37] *Id*. § 273.18(b)(3) (emphasis added).

[38] *Id*. § 273.18(a)(2) (emphasis added).

[39] *See* 7 C.F.R. § 273.16(b)(1)(i) ("[i]ndividuals found to have committed an intentional Program violation either through an administrative disqualification hearing or by a Federal, State or local court . . . shall be ineligible to participate in the Program . . . [f]or a period of twelve months for the first intentional Program violation").

[40] Tr. at 32:19–23 (emphasis added).

15. Notably, Ms. McCann-Cross did not contest the overpayment or the accuracy of the calculation during the hearing or during this appeal. Accordingly, any challenge to either is waived. Even so, an independent review of the record reveals substantial evidence to support the Hearing Officer's findings of an IHE opposed to an AE. An independent review of the record also reveals substantial evidence to support ARMS' calculation of the amount.[41]

16. On balance, DHSS committed no error of law by permitting an ARMS investigator to present its position at the hearing. Nor did Ms. McCann-Cross suffer any prejudice because the ARMS investigator, as opposed to an attorney, did so. Finally, the record contains substantial evidence to support Ms. McCann-Cross' obligation to repay $2,341. DHSS did not act arbitrarily or abuse its discretion when ordering her to reimburse the SNAP benefits as required by federal law.

**WHEREFORE**, the Department of Health and Social Services' decision is **AFFIRMED** for the reasons set forth in this Order.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*
*cc: U.S. Mail and email to Appellant Donicha McCann-Cross*

---

[41] *See generally* Ex. 3, at 004–005 (notifying Ms. McCann-Cross that a food benefit overpayment had occurred and would need to be repaid); Ex. 4, at 006 (providing calculations demonstrating the method used to calculate the amount of the food benefit overpayment); Ex. 5, at 007–009 (establishing the period during which the overpayment occurred); Ex. 6, at 010–012 (providing Ms. McCann-Cross' labor and wage data); Ex. 8, at 014–015 (providing a food benefit issuance summary); Ex. 9, at 016–019 (notifying Ms. McCann-Cross of the terms and conditions concerning eligibility to receive food benefits).